Harper, J.
By the act of Assembly of 1808, the masters and commissioners in equity are authorized to grant writs of ne exeat and attachments. Does this empower them to order that the defendant shall give security to abide by or perform the decree, as well as not to go without the limits of the State? If not, the bond of the defendants must be regarded as obtained by duress. Certainly the general condition of the ne exeat bond is merely that the defendant will remain within the limits of the State. It is regarded as a bail bond. “ The writ is usually directed to the sheriff, to make defendant find sufficient surety that he will not depart the realm without the order of the Court, and on his refusal to give such bail or surety to the sheriff, to commit him to prison.” 2 Mad. Ch. 183. See also Blake’s Ch. Prec. 409 for the form of the order, and 410, for the form of the writ. In 2 Atk. 210, Anon. the motion for ne exeat was refused, on the ground of its being a legal demand. The Chancellor says that the plaintiff might have had bail on bringing his action at law, and that if he were to grant the writ, it must be discharged on the defend, ant’s putting in bail. The sureties being regarded as bail, must, I suppose, have the right to surrender.
The order that the defendant shall give security to abide by or perform the decree, is regarded as a substitute for the ne exeat and an indulgence to the defendant. Woodward v. Schatzel, 3 Johns. Ch. Ca. 414. “ The writ will be discharged if the party pays into Court the sum for which the writ was marked, or what upon the answer appears to be due, or if he gives security to answer the decree.” 2 Mad. Ch. 183. In Atkinson v. Leonard, 3 Bro. C. C. 218, the motion was to discharge the ne exeat, which was granted on the defendant’s ¿riving security to pav what should be found due on the *634 account. The Chancellor says that ‘when the question is between ne exeat and taking security, I easily lean to the latter.’ Roddam v. Hetherington, 5 Ves. 91, and Howden v. Rogers, 1 Ves. & B. 129, are also cases in which the ne exeat was discharged on giving security to abide the degree. In Baker v. Dumaresque, 2 Atk. 66, the order was made in the first instance, on the application for ne exeat, but still as I understand it, as a matter of mitigation and indulgence. The writ of ne exeat is regarded as a proceeding of extreme rigor. By the terms of the act of Assembly, however, the authority of the commissioner is confined to that, and does not extend to the mitigated order which is substituted for it. But in no case whatever, nor by any authority, has the order ever been grant, ed for both at once.
The motion is dismissed.
JoiinsoN and O’Neall, Js. concurred.